UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE MOODY, JR.,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:18-cv-00435-RDP |
| } | |
| **CIRCLE K STORES, INC.,** } | |
| } | |
| **Defendant.** } | |

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff's Motion for Leave to File His First Amended Class Action Complaint. (Doc. # 26). In the motion, Plaintiff seeks leave to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Defendant opposes the motion on the grounds that amendment is futile because this case is moot. The court disagrees. And, because the case is not moot, justice requires the court to "freely give leave" for Plaintiff to amend his Complaint. Fed. R. Civ. P. 15(a)(2). Plaintiff's motion to amend is therefore due to be granted.

**I.    Background**

Plaintiff Willie Moody, Jr. commenced this action against Circle K Stores, Inc. ("Circle K") on March 20, 2018, asserting a single claim under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, and seeking declaratory and injunctive relief. (Doc. # 1). On August 1, 2018, the court held a scheduling conference in this case. (Doc. # 25). Following the scheduling conference, the court ordered the parties to meet to inspect Defendant's premises and gave the parties until September 14, 2018 to join additional parties and to amend the pleadings. (*Id.*). On September 14, 2018, Plaintiff moved for leave to file his First

1

Amended Class Action Complaint ("Amended Complaint"). (Doc. # 26). Defendant opposes the motion. (Doc. # 30).

In his proposed Amended Complaint, Moody and three other named plaintiffs seek relief on behalf of themselves and a class of similarly situated individuals who use wheelchairs for mobility. (Doc. # 26-1 at ¶ 73). Specifically, Plaintiffs seek a permanent injunction directing Circle K and its parent company, Alimentation Couche-Tard, Inc., to remove the architectural barriers described in the Amended Complaint and to bring their facilities into full compliance with the ADA. (Doc. # 26-1 at 62). The architectural barriers described in the Amended Complaint include both barriers outside of Circle K Stores and barriers within the interiors of the stores. (*Id.* at 25-53). For example, Plaintiff seeks the remediation of external barriers such as the lack of an accessible route from the nearest fuel dispenser to the store entrance, the non-level surfaces of designated handicap-accessible parking spaces, and the distance of some designated handicap-accessible parking spaces from the store entrance. (*Id.*). Additionally, Plaintiff seeks the remediation of internal barriers such as self-service beverage dispensers that exceed maximum reach-range requirements, counters and self-service shelves for food, condiments, and tableware that exceed maximum reach-range requirements, and cashier counters that exceed maximum reach-range requirements. (*Id.*).

Prior to this litigation, Circle K entered into a settlement agreement to resolve a previous ADA lawsuit against it: *Badger v. Circle K Stores, Inc.*, No. 2:16-cv-01185-DSC-RCM (W.D. Pa. filed Aug. 8, 2016). Under the terms of the agreement (the "*Badger* Agreement"), Circle K agreed to "spend up to $500,000.00 per year to maintain or achieve substantial compliance with the ADA related to accessibility of common areas, parking lots, and access routes, as well as, interior accessibility features, of its Retail Stores in the United States . . . ." (Doc. # 30-1 at 8,

§ 4.1). The settlement agreement provided for a compliance period of fifteen years from the agreement's effective date (*Id.* at 9, §§ 4.3, 4.4), and the district court retained jurisdiction to enforce the settlement, *see Badger*, No. 2:16-cv-01185-DSC-RCM (Doc. # 19). Circle K argues the *Badger* Agreement renders Plaintiff's proposed Amended Complaint moot and thus that leave to amend should be denied as futile.

## II. Standard of Review

A federal court "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard requires district courts to grant leave to amend a judicial complaint "[i]f the underlying facts or circumstances relied upon a by a plaintiff may be a proper subject of relief." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The denial of an opportunity to amend a pleading must be justified by some reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.* A district court may deny leave to amend a complaint because of futility if it concludes that the proposed amended complaint would not survive a motion to dismiss. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010).

## III. Analysis

Circle K claims Plaintiff's proposed Amended Complaint is futile because it is moot and thus urges the court to deny Plaintiff leave to amend. In particular, Circle K contends that Plaintiff's Amended Complaint is rendered moot by the settlement of a previous ADA lawsuit against Circle K: *Badger v. Circle K Stores, Inc.*, No. 2:16-cv-01185-DSC-RCM (W.D. Pa. filed Aug. 8, 2016). The *Badger* Agreement required Circle K to "spend up to $500,000.00 per year to

3

maintain or achieve substantial compliance with the ADA related to accessibility of common areas, parking lots, and access routes, as well as, interior accessibility features, of its Retail Stores in the United States . . . ." (Doc. # 30-1 at 8, § 4.1). Because the settlement covered *all* of Circle K's U.S. stores, Circle K argues the settlement provides Plaintiff with all the relief he seeks in this lawsuit and therefore renders this case moot.[1] *See Troiano v. Supervisor of Elections*, 382 F.3d 1276, 1282 (11th Cir. 2004) ("[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.").

This case is controlled by *Haynes v. Hooters of Am., LLC*, 893 F.3d 781 (11th Cir. 2018). There, a visually impaired plaintiff who used software to read and navigate internet websites sued Hooters restaurants under the ADA because its website was not compatible with the plaintiff's software. *Hooters*, 382 F.3d at 782-83. The plaintiff sought an injunction requiring Hooters to (1) alter its website to make it accessible to, and usable by, individuals with disabilities to the full extent required by the ADA and (2) continually update and maintain its website to ensure that it remains fully accessible to, and useable by, visually impaired individuals. *Id.* at 783. Hooters argued the plaintiff's case was moot because of a prior settlement agreement that resolved an earlier lawsuit against Hooters. *Id.* The settlement agreement required Hooters to place an accessibility notice on its website within six months and to improve access on its website within twelve months to conform to the recognized industry standard for website

---

[1] Though couched in terms of "mootness," Circle K's arguments are the type one would expect to hear if the parties in *Badger* had settled the very claims asserted here as part of a class-wide settlement under Federal Rule of Civil Procedure 23(e). And because the earlier *Badger* case was indeed a putative class action, *see Badger*, No. 2:16-cv-01185-DSC-RCM (Doc. # 1), the court is in one sense puzzled by the fact that Circle K must resort to a mootness argument at all in this case. Evidently, however, the parties in *Badger* failed to seek certification of a settlement class under Rule 23(b)(1) or 23(b)(2) before dismissing those putative class claims. Had they settled with a class, and had the *Badger* court approved such a settlement as fair, reasonable, and adequate under Rule 23(e)(2) and sent notice to the class pursuant to Rule 23(e)(1), the settlement would have bound any class member who failed to object to the settlement, including (arguably) the plaintiff in this case, who, like the named plaintiff in *Badger*, uses a wheelchair. In any event, because there was no certification of a settlement class in the *Badger* litigation, all Circle K is left with now is (as explained below) a losing mootness argument.

accessibility. *Id.* Based on the prior settlement agreement, the district court dismissed the plaintiff's complaint as moot. *Id.*

The Eleventh Circuit reversed, holding that the case was not moot for three separate reasons. First, though Hooters may well have been in the process of updating its website to comply with the ADA, there was "nothing in the record demonstrating that Hooters [had] successfully done so." *Id.* at 384. The court thus concluded that "it cannot be said that the issues are no longer 'live' or that the parties lack a legally cognizable interest in the outcome." *Id.* Second, some of the relief the plaintiff sought in the instant lawsuit was different from the relief afforded by the prior settlement. *Id.* Nothing in the prior settlement required Hooters to "<u>continually update and maintain</u> its website to ensure that it remains fully accessible," as the injunction the plaintiff sought would have. *Id.* (emphasis in original). Thus, even if the prior settlement supplied the plaintiff with much of the relief he sought, there was "still a live controversy about whether [the plaintiff could] receive an injunction to force Hooters to make its website ADA compliant or to maintain it as such." *Id.* Third and finally, the plaintiff was not a party to the prior settlement agreement and thus could not enforce the agreement if Hooters chose not to remediate its website in accordance with the agreement. *Id.*

For all the reasons explained in *Hooters*, Plaintiff's proposed Amended Complaint is not moot. There is nothing in the record indicating that Circle K has fully remediated the specific alleged ADA violations at the particular stores mentioned in Plaintiff's Amended Complaint. (And indeed, it would be surprising if Circle K had, given the fifteen-year compliance period in the *Badger* Agreement.) Moreover, the *Badger* Agreement only requires Circle K to spend up to $500,000 annually to remediate ADA violations at its stores, which does not in any way guarantee that the specific violations at particular stores Plaintiff complains of will be remedied

5

within the fifteen-year compliance period.[2] The *Badger* Agreement did not "'grant the precise relief sought by [Plaintiff] in this case'" and therefore does not moot this case. *Id.* (quoting *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000)). Finally, Plaintiff was not a party to the *Badger* Agreement and so cannot enforce the agreement should Circle K fail to comply with it.

Circle K attempts to distinguish the *Badger* Agreement from the prior settlement agreement in *Hooters* on the grounds that the *Badger* court retained jurisdiction to enforce the settlement whereas the prior district court in *Hooters* did not. *Hooters*, 382 F.3d at 783. But though the *Hooters* court noted in its statement of the facts that the district court overseeing the prior settlement did not retain jurisdiction to enforce the settlement, it did not rely on that fact in its analysis section at all. *Id.* at 783-84. Instead, the court relied solely on the fact that the plaintiff was not a party to the prior settlement agreement and thus could not enforce the agreement (even if the district court had retained jurisdiction) in concluding that the case was not moot. *Id.* at 784-85. And in any event, the first two reasons given by the *Hooters* court (a lack of record evidence showing that the sought-after remediation has been fully achieved and differences in the relief presently sought by Plaintiff and previously obtained by third parties) are sufficient to find here that Plaintiff's proposed Amended Complaint is not moot.

IV. **Conclusion**

After careful consideration, and for the reasons explained above, Plaintiff's Motion for Leave to File His First Amended Class Action Complaint (Doc. # 26) is due to be granted. Plaintiff is hereby granted leave to file his Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). An Order consistent with this Memorandum Opinion will be entered.

---

[2] As further evidence that Plaintiff's case is not moot, Plaintiff evidently intends to seek injunctive relief that will require Circle K to remedy alleged ADA violations within a much shorter time period than the *Badger* Agreement permits. *See* (Doc. # 33 at 6) (calling the fifteen-year compliance period in the *Badger* Agreement "completely unsatisfactory").

6

**DONE** and **ORDERED** this November 5, 2018.

                                                _____
                                                **R. DAVID PROCTOR**
                                                UNITED STATES DISTRICT JUDGE