UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE MOODY, JR.,** *et al.*,<br>    Plaintiffs,<br><br>v.<br><br>**CIRCLE K STORES, INC.,**<br>    Defendant. | **Case No. 2:18-cv-435-CLM** |

## MEMORANDUM OPINION

Four named plaintiffs ("Plaintiffs") sue Circle K Stores, Inc. ("Circle K"). They allege various violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and its implementing regulations. Generally, Plaintiffs allege that Circle K discriminated against, and continues to discriminate against, customers with mobility disabilities. And they wish to bring this action individually, and on behalf of all others similarly situated. The court has not yet ruled on class certification.

Circle K has filed a partial motion for judgment on the pleadings under Rule 12(c), or in the alternative, a motion strike the class allegations in Plaintiffs' Amended Complaint under Rule 23(d)(1)(D). (Doc. 65). For the reasons explained below, the court **DENIES** Circle K's motion for judgment on the pleadings, and **DENIES IN PART** and **DENIES AS MOOT IN PART** Circle K's motion to strike the class allegations.

### LEGAL STANDARD

"Judgment on the pleadings is appropriate when no issues of material fact are raised in the pleadings and the movant is entitled to judgment as a matter of law." *Jones v. NordicTrack, Inc.*, 236 F.3d 658, 660 (11th Cir. 2000). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). Thus, to survive a motion for judgment on the pleadings, the complaint must contain enough facts to state a claim for

relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a motion for judgment on the pleadings, a court must accept the facts in the complaint as true and view them in the light most favorable to the nonmoving party. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014).

## DISCUSSION

The court divides its discussion into two parts. Part I addresses the motion for judgment on the pleadings, and Part II addresses Circle K's motion to strike the class allegations.

## I. Circle K's Motion for Judgment on the Pleadings

Circle K argues that Plaintiffs' Amended Complaint should be dismissed for (1) lack of standing, and (2) failure to state a claim upon which injunctive relief can be granted. The court considers each argument in turn.

### A. The court will consider any standing issues at the class certification stage.

Circle K first argues that Plaintiffs lack standing to seek injunctive relief that applies to all Circle K Stores. Specifically, Circle K asserts that Plaintiffs cannot prove they suffered an "injury in fact" as to the stores they have not visited. Plaintiffs respond that the standing argument is not yet ripe.

In this circuit, named plaintiffs must establish "the requisite case or controversy between himself and the defendants" before he can seek relief for class members. *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987). To establish standing, Plaintiffs must prove that: (1) Plaintiffs suffered an injury in fact, (2) the Defendant caused that injury, and (3) a favorable decision will likely redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

The parties seem to agree that Plaintiffs have standing to bring individual ADA claims. The only dispute is whether Plaintiffs have standing to seek injunctive relief as to stores they have not visited. In other words, the standing issue arises only because Plaintiffs try to represent a class.

2

Class actions are "'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamaski*, 442 U.S. 682, 700–01 (1979)). To justify a departure from that rule, a class representative must "possess the same interest and suffer the same injury as the class members." *Wal-Mart Stores, Inc.*, 564 U.S. at 438–49 (quoting *East Tex. Motor Freight Sys., Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977)). In other words, before the court will permit Plaintiffs to pursue their claims on behalf of the class, Plaintiffs have to establish that their own injuries are sufficiently similar to those of the purported class.

But this court has reserved such an inquiry for the class certification stage. *See Haynes v. Walmart, Inc.*, 2021 U.S. Dist. LEXIS 232942, at *11 (N.D. Ala. Dec. 6, 2021) ("[d]etermining whether Plaintiffs' injuries are sufficiently similar to those of the purported class is a question for the certification stage"). And other district courts have done the same. *See, e.g., Magee v. McDonald's Corp.*, 2017 U.S. Dist. LEXIS 232326, at *11 (N.D. Ill. Feb. 15, 2017) ("the court defers until the class certification stage the question of whether Magee can represent a nationwide class regarding restaurants as to which he lacks individual standing"); *Equal Rights Ctr. v. Kohl's Corp.*, 2015 WL 3505179, at *3 (N.D. Ill. June 3, 2015) ("[w]hether Plaintiffs may obtain nationwide prospective relief against all Kohl's stores on behalf of a class will be decided at the class certification stage"); *Cardenas v. NBTY, Inc.*, 870 F.Supp.2d 984, 991–92 (E.D. Cal. 2012) (deferring until class certification stage determination of whether class representative could present claims based upon products he did not buy); *see also Toback v. GNC Holdings, Inc.*, 2013 WL 5206103, at *4 (S.D. Fla. Sept. 13, 2013) (a "large number of federal courts . . . have held that whether a class representative has standing to maintain a consumer class action relating to an entire product line, despite having only purchased a subset of those products, is a question more appropriate for resolution at the class certification stage").

Plaintiffs have the ultimate burden of establishing standing. *See Spokeo v. Robins*, 578 U.S. 330, 338–39 (2016). And at the class certification stage, Plaintiffs will need to establish that their own injuries are sufficiently similar to those of the purported class. *See* Fed. R. Civ. P. 23(a). But the court will

3

decide this issue at the class certification stage. The court declines to grant judgment on the pleadings for lack of standing.

### B. Plaintiffs have stated a plausible claim for relief.

Circle K next argues that Plaintiffs fail to allege a common discriminatory architectural design or policy applicable to the thousands of Circle K stores across the country, and thus, Plaintiffs "speculative and conclusory" allegations "cannot survive dismissal." (Doc. 65, p. 6).

"A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018). So to survive a motion for judgment on the pleadings, the complaint must contain enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When considering the motion, the court accepts all factual allegations of the complaint as true, and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). This tenet, of course, is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Courts should limit their "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

The court finds that Plaintiffs have adequately pleaded a violative policy resulting in a pattern and practice of discrimination. In their now-operative complaint (doc. 36), Plaintiffs allege that the "vast majority of [Circle K] stores are operated exclusively by the Defendants" and "the limited number of locations that" are not "are controlled by Defendants through franchising agreements . . ." (Doc. 36, p. 10–11). Plaintiffs also allege that Circle K implements "uniform standards, specifications, and procedures for operation." (Doc. 65, p. 11) (quoting a Circle K Franchise Disclosure Document). Plaintiffs

4

further allege that Circle K requires franchisees to comply with Circle K's quality standards and specifications . . . for furnishings, fixtures, equipment . . . operating supplies, food and beverages . . . and for the construction, renovation, maintenance, and repair" of each store." (Doc. 36, p. 13) (quoting a Circle K Franchise Disclosure Document).

Plaintiffs allege that the Circle K's unique "Business System model describes uniform and common standards, specifications, and procedures for the operation, uniformity of exterior and interior design, and the manner in which products and services are offered by all Circle K brand stores." (Doc. 36, p. 13). This system, according to Plaintiffs, "creates a pattern and practice of willfully and systematically denying equal access to individuals with disabilities, including Plaintiffs and members of the putative Class." (*Id.*).

At this stage, the court must construe the facts in the light most favorable to Plaintiffs. *See Pielage*, 516 F.3d at 1284. And under that standard, the court finds that Plaintiffs have stated a plausible claim upon which relief can be granted. So the court declines to grant judgment on the pleadings for failure to state a plausible claim.

## II. Circle K's Motion to Strike Plaintiffs' Class Allegations

Circle K asks the court to strike Plaintiffs' class allegations because (1) Plaintiffs' proposed class definition is an improper fail-safe class, and (2) Plaintiffs have not pleaded sufficient factual allegations to establish commonality. The court considers each argument in turn.

### A. Plaintiffs changed their class definition after Circle K's motion, so Circle K's request is moot.

Circle K asserts that Plaintiffs seek to certify an impermissible "fail-safe" class. Plaintiffs disagree, and assert that regardless, any deficiencies can be cured via amendments to the complaint.

A fail-safe class is one "whose membership can only be determined after the entire case has been litigated and the court can determine who actually suffered an injury." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1277 (11th Cir. 2019). Such classes are disfavored (but not explicitly prohibited) by the

5

Eleventh Circuit. *See id.; see also Russell v. Tyson Farms, Inc.*, 2020 WL 2051241, at *1 (N.D. Ala. June 8, 2020).

The court understands that, with the benefit of further discovery, Plaintiffs have proposed a new class definition different from the definition Circle K objected to when filing this motion. (*See* Doc. 97, pp. 28–29). Accordingly, the court will deny as moot Circle K's request to strike the class allegations based on an impermissible fail-safe class. Circle K may object to the new definition in its brief opposing class certification.

The court also notes that even if the proposed class is a fail-safe class, the court needn't strike Plaintiffs' class allegations. When confronted with a fail-safe class, the court may revise the class on its own, or permit the plaintiff to cure the flawed definition. *See Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012) ("the fail-safe problem is "more of an art than a science . . . and often should be resolved by redefining the class definition rather than flatly denying class certification on that basis."); *Cox v. Community Loans of America, Inc.*, 2014 WL 1216511, at *14 (M.D. Ga. Mar. 24, 2014) (explaining that the court may "redefine the class to bring it within the scope of Rule 23").

## B. The court will rule on commonality at the class certification stage.

Lastly, Circle K argues that the court should strike Plaintiff's class allegations because it is clear from the face of the complaint that Plaintiffs cannot satisfy Rule 23's commonality requirement.

Federal Rule of Civil Procedure 23(a)(2) requires that "there are questions of law or fact common to the class." But the Rule "does not require that all questions of law and fact raised by the dispute be common." *Vega v. T-Moble USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009) (quoting *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1557 (11th Cir. 1986)). Rather, "even a single common question" will satisfy the commonality requirement. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 359 (2011); *Carriuolo v. General Motors Co.*, 823 F.3d 977, 984 (11th Cir. 2016).

Plaintiffs will need to establish commonality before the court can certify the class. Indeed, before a district court can certify a class, it must perform a "rigorous analysis," and ensure that all prerequisites of Rule 23(a) have been satisfied. *Carriuolo*, 823 F.3d at 981 (citation omitted). But the court expects that the parties will thoroughly brief the commonality issue—with the benefit of formal discovery—at the class certification stage.

The Eleventh Circuit has cautioned against striking class allegations prior to at least some discovery. *See, e.g.*, *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 (11th Cir. 2008) ("the parties' pleadings alone are often not sufficient to establish whether class certification is proper, and the district court will need to go beyond the pleadings and permit some discovery and/or an evidentiary hearing to determine whether a class may be certified"); *see also Herrera v. JFK Med. Cntr. Ltd. P'ship*, 648 Fed. App'x. 930, 936 (11th Cir. 2016). Without the benefit of formal discovery, Plaintiffs have pleaded facts that allege a pattern and practice of systematic discrimination. (*See* Doc. 36, pp. 10–13). Plaintiffs have also alleged a common design plan, resulting in access barriers at Circle K locations across the country. (*Id.*; *id.* at pp. 17–20). So while the court does not opine on whether Plaintiffs have established commonality, the court does not find it clear from the face of the complaint that Plaintiffs cannot satisfy Rule 23's commonality requirement. Accordingly, the court declines to strike Plaintiff's class allegations on this basis.

* * *

For the reasons explained above, the court **DENIES** Circle K's motion for judgment on the pleadings, and **DENIES IN PART** and **DENIES AS MOOT IN PART** Circle K's motion to strike the class allegations (doc. 65).

**DONE** on January 25, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE